IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANE UTLEY, BETH UTLEY
LISA HAWS, and MATT WILCOX,

                    Plaintiffs,

vs.                                                                  Civ. No.  14-357 JCH/KKK

BOARD OF COMMISSIONERS OF SAN
JUAN COUNTY, SAN JUAN COUNTY
SHERIFF'S OFFICE, KEN CHRISTENSEN,
in his individual capacity, RON ANDERSON,
in his individual capacity, and BRICE CURRENT,
in his individual capacity,

                    Defendants.


## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendants' Motion to Dismiss No. I: Dismissal of Plaintiffs' § 1983 Claims Against the County, Title VII Claims, and All Claims Against the San Juan County Sheriff's Office* [Doc. 44]. The Court has carefully reviewed the motion, as well as the Amended Complaint [Doc. 38], response [Doc. 49], and reply [Doc. 54]. For the reasons set forth in this Memorandum Opinion, the Court concludes that the motion should be granted in part and denied in part as further explained herein.

## BACKGROUND

Plaintiffs, all of whom reside in San Juan County, New Mexico, are employees of the San Juan County Sheriff's Office ("SJCSO"). Plaintiffs assert a variety of legal claims against Defendants arising from alleged discrimination, retaliation, and other improper actions taken by Defendants against Plaintiffs during the course of their employment.  These claims include: (1) violation of First Amendment right to freedom of political action (Count I); (2) violation of the

First Amendment right to freedom of speech (Count II); (3) violation of the Fourteenth Amendment right to equal protection of the law (Count III); (4) violation of the Fourteenth Amendment right to due process (Count IV); (5) conspiracy to violate constitutional rights (Count V); (6) violation of the New Mexico Governmental Conduct Act (Count VI); and (7) violation of an implied contract of employment (Count VII) against the Board of Commissioners of San Juan County only. Plaintiffs Beth Utley and Lisa Haws assert claims of gender discrimination (Count VIII) and hostile work environment (Count IX). The allegations set forth under each of these two counts mention only the SJCSO, although it is not clear from the Amended Complaint if Plaintiffs are asserting those claims against any other Defendant as well, given the fact that the SJCSO is merely a department within San Juan County. Finally, Plaintiffs Shane Utley and Beth Utley assert claims of constructive discharge against Defendants Christensen, Anderson, and SJCSO (Count X), although again, the SJCSO is merely a department within named Defendant San Juan County.

In their motion currently before the Court, Defendants ask for dismissal of some, but not all, of Plaintiffs' claims. Specifically, they argue that the Board of Commissioners of San Juan County cannot be held liable for the alleged constitutional violations of its employees because §1983 does not permit *respondeat superior* liability. In their response brief Plaintiffs concede this point, and therefore Plaintiffs constitutional claims against San Juan County will be dismissed, but the § 1983 claims against the individual Defendants remain. Defendants also argue that Plaintiffs' claim under New Mexico's Governmental Conduct Act, NMSA 1978, § 10-16-1 et seq. (Count VI), should be dismissed because that statute does not provide for a private cause of action. Again, Plaintiffs do not dispute this point, and therefore Count VI will be dismissed with prejudice with regard to all Defendants.

In addition, Defendants argue that Plaintiffs Beth Utley and Lisa Haws' claims of gender discrimination (Count VIII) and hostile work environment (Count IX) should be dismissed for failure to exhaust administrative remedies. Specifically, Defendants argue that the Title VII claims should be dismissed because Plaintiffs did not allege that they received a right to sue letter. Instead, Plaintiffs alleged only that they filed administrative charges of discrimination with the New Mexico Human Rights Bureau (which were also shared with the EEOC) and then waited the requisite 180 days before filing their Amended Complaint. In response, Plaintiffs cite decisions from the Circuit Courts of Appeals stating that following the filing of an administrative charge and the expiration of the 180-day period, an aggrieved employee may file a lawsuit under Title VII regardless of whether she has received a notice of the right to sue. *See, e.g., Walker v. United Parcel Serv*., 240 F.3d 1268, 1271 (10th Cir. 2001); *EEOC v. W.H. Braum, Inc*., 347 F.3d 1192, 1200 (10th Cir. 2003). In the face of these authorities, Defendants in their reply brief conceded the point, stating that "Plaintiffs did not have to allege in their Amended Complaint the receipt of a right-to-sue letter from the EEOC to property exhaust their administrative remedies." Doc. 54 at 5. As a result, Defendants' motion to dismiss Counts XIII and IX for failure to exhaust administrative remedies will be denied.[1]

Defendants also argue that all of Plaintiffs claims against the SJCSO must be dismissed because it is an administrative department of San Juan County and as such is not a separate entity that may be sued in court. The Plaintiffs do not concede the argument, and therefore the Court addresses that issue below.

---

[1] The foregoing discussion illustrates that by simply conferring in good faith with opposing counsel, Defendants could have determined that portions of their motion were unopposed, and that another portion was without merit, thereby simplifying the briefing. However, it appears that Defendants merely informed Plaintiffs that they planned to file a motion to dismiss without describing the basis of the motion to Plaintiffs.  *See* Doc. 49 at 9 n.1. That is *not* the "good-faith request for concurrence" required of the Defendants by Local Rule 7.1(a).

## LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a). Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007), the Court must review the complaint to determine whether it " 'contains enough facts to state a claim to relief that is plausible on its face.' " *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "This pleading requirement serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citation and internal quotation marks omitted). The Court must accept all well-pleaded factual allegations of the complaint as true. *McDonald v. Kinder–Morgan, Inc*., 287 F.3d 992, 997 (10th Cir. 2002). Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting *Twombly*, 127 S.Ct. at 1974) (internal citations and footnote omitted). Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949. *See also Ridge at Red Hawk*, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the

pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.") (emphases in original). For this reason, the complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555). The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." *Robbins*, 519 F.3d at 1248. Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id*.

## DISCUSSION

The sole issue before the Court on the motion to dismiss is whether the San Juan County Sheriff's Office is an entity that may be sued under § 1983, Title VII, and New Mexico state law. Defendants argue that as an administrative department within San Juan County, the SJCSO lacks a separate legal identity and therefore is not subject to suit. Defendants rely upon a New Mexico statute, NMSA 1978, § 4-46-1 (2014), which governs suits by and against counties. It provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county of ___." Defendants also rely upon an unpublished Memorandum Opinion and Order by Judge Paul Kelly, sitting by designation in this Court, in which he dismissed claims against the Bernalillo County Sheriff's Department on the grounds that governmental sub-units are not properly suable entities in § 1983 actions. *Lujan v. County of Bernalillo*, Civ. No. 07-1035 PK/DJS, slip op. at 13 (D.N.M. April 3, 2009) [Doc. 47] (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)).

Plaintiffs do not address Defendants' argument as is relates to their § 1983 and state law constructive discharge claims. However, as outlined above, it is clear that § 1983 does not

provide for *respondeat superior* liability against an employer, so that claim must be dismissed. Plaintiffs do argue that SJCSO can be held liable under Title VII separately from San Juan County. In support of that argument, they contend that Title VII's definition of an "employer" who may be sued should be construed broadly, relying primarily on *Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980). In that case, the court held that a county sheriff in Kansas, was an "agent" of the county and therefore was an "employer" of his deputies for Title VII purposes, despite the fact that the sheriff's department did not employ 15 or more employees as required by the statute's definition of employer. However, that case is distinguishable because the 15-employee jurisdictional requirement of Title VII is not at issue here. In fact, none of the cases cited by Plaintiffs addresses the issue of whether an administrative department within a county may be sued under Title VII when state law provides that the Board of County Commissioners is the only entity capable of being sued.

In light of *Lujan* and NMSA 1978, § 4-46-1, the Court concludes that SJCSO has no separate legal status for purposes of suit under Title VII or New Mexico state law, and the claims against it must be dismissed. On the other hand, it would be inequitable to dismiss these claims in their entirety merely because San Juan County is not specifically mentioned in the paragraphs alleged under those particular counts. In fact, the Court concludes that San Juan County has been placed on notice that Plaintiffs seek to hold it liable for those claims. This is true for two reasons. First, Plaintiffs have made allegations against San Juan County throughout the Amended Complaint, and those allegations are incorporated into Counts VIII, IX, and X. Second, San Juan County knows (or should know) that allegations against its department, SJCSO, which has no separate legal identity, are essentially claims against San Juan County itself. Thus, the Court concludes that the Amended Complaint has placed San Juan County on notice that it could be

held liable under Title VII and state law constructive discharge. On the other hand, the Court finds it prudent to allow Plaintiffs to amend their complaint one final time to permit them to clarify that the Title VII and constructive discharge claims are asserted against San Juan County and not against SJCSO. If Plaintiffs choose to amend their complaint in this fashion, the Title VII and state law claims will not be dismissed.

**IT IS THEREFORE ORDERED** that:

(1) *Defendants' Motion to Dismiss No. I: Dismissal of Plaintiffs' § 1983 Claims Against the County, Title VII Claims, and All Claims Against the San Juan County Sheriff's Office* [Doc. 44] is **GRANTED IN PART** and **DENIED IN PART**;

(2) Plaintiffs' constitutional claims against San Juan County under § 1983 are **DISMISSED**, but the § 1983 claims against the individual Defendants remain;

(3) Plaintiffs' claim under New Mexico's Governmental Conduct Act, NMSA 1978, § 10-16-1 et seq. (Count VI), is **DISMISSED** with regard to all Defendants;

(4) Defendants' motion to dismiss Plaintiffs' Title VII claims (Counts XIII and IX) for failure to exhaust administrative remedies is **DENIED**;

(5) Plaintiffs' Title VII and state law claims against San Juan County Sheriff's Office are dismissed; however, no later than **August 21, 2015**, Plaintiffs may **AMEND** their complaint to clarify that those claims are brought against the Board of Commissioners of San Juan County. The Court does not grant Plaintiffs leave to amend their complaint for any other purpose.


_____
**UNITED STATES DISTRICT JUDGE**